UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SHARINA JONES, Individually, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 1:17-cv-5490 |
| | : | |
| DG HOTELS, LLC | : | |
| A Foreign Limited Liability Company | : | |
| | : | |
| Defendant. | : | |
| _____/ | : | |

## **COMPLAINT**

Plaintiff, Sharina Jones (hereinafter "Plaintiff"), hereby sues the Defendant, DG Hotels, LLC,  a Foreign Limited Liability Company (hereinafter "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. §12181 et seq. ("ADA"). In support thereof, Plaintiff states:

1.     This action is brought by Sharina Jones, and all persons similarly situated, pursuant to the enforcement provision of the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. 12188(a) against the owners and/or operators of the Doubletree Guest Suites.

2.     This Court has jurisdiction pursuant to the following statutes:

        a.     28 U.S.C. §1331, which governs actions that arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 et seq.  See also 28 U.S.C. §2201 and §2202.

        b.     28 U.S.C. §1331, which gives District Courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States; and

c.     28 U.S.C. §1343 (3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government.

3.     Venue is proper in this judicial district and division. Defendant does business in the State of Michigan, and all of the acts of discrimination alleged herein occurred in this judicial district and division.

## PARTIES

4.     Plaintiff Sharina Jones is a resident of Genesee County, Michigan, uses a wheelchair, and is an individual with a disability within the meaning of ADA, 42 U.S.C. 12102(2), 28 C.F.R. 36.104, and MCL 31.1103.

5.     Plaintiff Sharina Jones is substantially limited in performing one or more major life activities, including but not limited to, walking and standing.

6.     Plaintiff Sharina Jones has been to the Doubletree Guest Suites located 2111 Butterfield Road, Downers Grove, Illinois.

7.     Plaintiff Sharina Jones was a guest at the Doubletree Guest Suites on May 16, 2017.

8.     The Doubletree Guest Suites is a place of public accommodation within the meaning of Title III of the ADA, 42 U.S.C. 12181, 28 C.F.R. 36.104.

9.     Defendant owns, leases, leases to, or operates Doubletree Guest Suites and is responsible for complying with the obligations of the ADA and the PDCRA.

## COUNT I

## INCIDENT

10.    Plaintiff realleges paragraphs one (1)  through eleven (9) of this Complaint and incorporates them here as if set forth in full.

11.     Plaintiff frequently travels to Chicago and Downers Grove for family events, has visited the property which forms the basis of this lawsuit, and has plans to return to the property in September 2017 to avail herself of the goods and services offered to the public at the property.

12.     Plaintiff is a Gold Member of Hilton Honors.

13.     On or about May 13, 2017, Plaintiff called the Hilton Honors telephone number and reserved a wheelchair accessible room at Defendant's property for a planned weekend to attend her niece's graduation ceremony.

14.     On May 15, 2017, Plaintiff telephoned Defendant to confirm her reservation of a wheelchair accessible room at Defendant's property.

15.     Plaintiff arrived at Defendant's property on May 16, 2017 and attempted to access her assigned accessible room.

16.     Plaintiff's room was not accessible as her wheelchair would not fit through the bathroom door.

17.     Plaintiff telephoned the front desk and informed Defendant's representative, Candace, that the room was not accessible and that she needed to utilize the restroom.

18.     Defendant was extremely rude, non-cooperative, and confrontational to Plaintiff because of her disability.

19.     Defendant informed Plaintiff that she was given an accessible room and that there was nothing further Defendant could do for her.

20.     Plaintiff then requested to speak to a manager, but was denied her request and informed she would have to wait until the following day.

21.     Plaintiff again stressed her need to utilize the restroom and asked if maintenance could remove the restroom door so that she could attempt to utilize the facilities.

3

22.     Defendant then became aggressive toward Plaintiff because of her disability, told Plaintiff there was no maintenance, and disconnected the telephone call.

23.     Some time later, Defendant sent a security guard to Plaintiff's room to measure her wheelchair to confirm it was not of a larger size.

24.     The security guard, identifying himself as Kevin, confirmed that Plaintiff's wheelchair was a smaller than average chair.

25.     Plaintiff, unable to stay in the room as she couldn't access anything, was forced to leave the hotel in the middle of the night and find another hotel.

26.     Plaintiff was humiliated, degraded, and emotionally and physically upset by Defendant's callous and discriminatory practices.

27.     Plaintiff was further aggrieved and discriminated against by Defendant's refusal to refund her monies for guest room that she never utilized.

28.     Plaintiff also telephoned the Hilton Honors telephone number to request a refund, but was denied her request.

## COUNT I

## VIOLATION OF THE ADA

29.     Plaintiff realleges paragraphs one (1)  through twenty-eight (28) of this Complaint and incorporates them here as if set forth in full.

30.     There are numerous architectural barriers present at Doubletree Guest Suites that prevent and/or restrict access by Plaintiff, in that several features, elements, and spaces of the plaza at Doubletree Guest Suites are not accessible to or usable by Plaintiff, as specified in 28 C.F.R 36.406 and the Standards for Accessible Design, 28 C.F.R., Pt. 36, Appendix A ('the Standards").

4

31.     Elements and spaces which there are barriers to access at Doubletree Guest Suites include, but are not necessarily limited to:

        a.      Defendant fails to properly train and educate their employees in how to interact with those individuals with disabilities.

        b.      Defendant maintains a policy to not train their employees in how to interact with those individuals with disabilities.

        c.      Defendant does not have any accessible rooms for an individual in a wheelchair to utilize.

        d.      Defendant fails to maintain accessible rooms for an individual in a wheelchair to utilize.

32.     The discriminatory violations described in paragraph 31 of this Complaint were personally encountered by Plaintiff. The Plaintiff has been denied the benefits of, services, programs and activities of the Defendant's building and facilities, and has otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.

33.     The Plaintiff will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. The Plaintiff has been denied access to, and has been denied the benefits of services, programs and activities of the Defendant's building and its facilities, the opportunity to use such elements, and has otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.

34.     Plaintiff has standing to sue for every barrier to access for the mobility-impaired that exists on the subject premises. Sharina Jones has standing to require that all barriers to access on

the property for the mobility-impaired are corrected, not merely only those Sharina Jones personally encountered.

35.     Defendants' failure to remove the architectural barriers identified in paragraph thirteen (13) constitutes a pattern or practice of discrimination within the meaning of 42 U.S.C. 12188 (b)(1)(B)(i) and 28 C.F.R. 36.503 (a).

36.     It would be readily achievable for the Defendant to remove the architectural barriers identified above.

37.     Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

38.     The Defendant has discriminated against Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq. and 28 CFR 36.302 et seq

39.     Defendant continues to discriminate against the Plaintiff by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to

afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities.

40.     Sharina Jones has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described, but not necessarily limited to, the allegations in paragraph 13 of this Complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violations of the ADA by the Defendants.

41.     Plaintiff is aware that it will be a futile gesture to re-visit the property until it becomes compliant with the ADA, unless she is willing to suffer further discrimination.

42.     Plaintiff is without an adequate remedy at law and is suffering irreparable harm.  Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

43.     Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  All other conditions precedent have been met by Plaintiffs or waived by the Defendant.

44.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to make the property readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

## PRAYER FOR RELIEF

45.     Because Defendant has engaged in the acts and practices described above, Defendant has

violated the law as alleged in this Complaint and unless restrained by this Honorable Court,

Defendant will continue to violate the Constitution and laws of the United States of America, and

the State of Illinois, and will cause injury, loss and damage to the Plaintiff, and all others so

similarly situated.

**WHEREFORE,** Plaintiff respectfully requests that this Court:

A.     Declare that Defendant has violated title III of the Americans with Disabilities

Act, 42 U.S.C. § 12181 et seq, 28 C.F.R. pt. 36;

      i.     by failing to bring Doubletree Guest Suites into compliance with the

Standards where it is readily achievable to do so; and

      ii.     by failing to take other readily achievable measures to remove

architectural barriers to access when it is not readily achievable to comply fully

with the Standards.

B.     Order Defendant:

      i.     to make all readily achievable alterations to the facility; or to make such

facility readily accessible to and usable by individuals with disabilities to the extent

required by the ADA;

      ii.     to make reasonable modifications in policies, practices or procedures, when

such modifications are necessary to afford all offered goods, services, facilities,

privileges, advantages or accommodations to individuals with disabilities

C.     Award damages to Sharina Jones who has been aggrieved and injured by the

illegal acts of discrimination committed by Defendant;

D.      Award attorney's fees, costs and litigation expenses pursuant to 42 U.S.C.

§ 12205.

E.      Order such other appropriate relief as the interests of justice may require.

Respectfully Submitted,


By: /s/ Pete M. Monismith
Pete M. Monismith, Esq.
3945 Forbes Ave., #175
Pittsburgh, PA 15213
Ph: 724-610-1881
Fax: 412-258-1309
Pete@monismithlaw.com
PA Bar 84746

9